SANTANA, DEMANDANTE Y APELADA, *v.* A. GELABERT, S. EN C., ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento para que se deje sin efecto la sentencia dictada en rebeldía.

No. 1736.—Resuelto en marzo 7, 1918.

SENTENCIA EN REBELDÍA—DISCRECIÓN JUDICIAL.—Tiene que demostrarse claramente que la corte de distrito abusó de su poder discrecional, para que la Corte Suprema pueda revocar una orden suya dejando sin efecto una sentencia en rebeldía.

Id.—Apelaciones de las Cortes Municipales—Sentencia por Abandono—Ejercicio de Discreción para Dejarla sin Efecto.—Si bien el artículo 3 de la ley reglamentando las apelaciones de las sentencias de las cortes municipales es imperativo, ello no impide el ejercicio de las facultades conferidas a las cortes de distrito por el artículo 140 del Código de Enjuiciamiento Civil, para dejar sin efecto, en bien de la justicia, una sentencia dictada por abandono de la acción, cuando la corte se convence de que tal abandono en verdad fué aparente y no real.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sr. Leopoldo Tormes* y *Sra. Herminia Tormes.*

Abogado de la apelada: *Sr. Tomás Castillo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La menor Amparo de la Concepción Santana, asistida de su legítimo padre, presentó cierta demanda de tercería en la Corte Municipal de Ponce. Celebrada la vista, la corte dictó sentencia en favor de la tercerista. La parte contraria apeló para ante la corte de distrito y obtuvo que el pleito se incluyera en el calendario y que se señalara el juicio para el 26 de abril de 1917. En el día señalado se llamó en efecto el pleito y sólo compareció la parte demandada quien, basándose en la falta de comparecencia de la parte demandante, solicitó que se dictara sentencia desestimando, por abandono, la demanda, de acuerdo con lo prescrito en la sección 3. de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles. Comp. 1911, p. 901. La corte de distrito dictó la sentencia solicitada.

Así las cosas, el 16 de mayo de 1916, la tercerista, por medio de su abogado, pidió a la corte que usando de las facultades que le confería el artículo 140 del Código de Enjuiciamiento Civil, la exonerara de los efectos de la sentencia dictada, disponiendo la apertura del pleito para que fuera visto en su fondo. Se acompañó un *affidavit* de méritos. La parte contraria se opuso, archivando contra-*affidavits*. Y la corte, el 13 de junio de 1917, de acuerdo con el invocado artículo 140, en bien de la justicia, dejó sin efecto su sentencia a fin de

que el pleito pudiera verse en su fondo y resolverse por sus méritos. Contra la resolución de 13 de junio, se interpuso el presente recurso de apelación..

Señala la parte apelante dos errores, primero, que la corte de distrito abusó de su discreción, y segundo, que no cabe aplicar el artículo 140 del Código de Enjuiciamiento Civil en atención a lo dispuesto en la sección 3 de la ley para reglamentar las apelaciones de las sentencias dictadas por las cortes municipales en casos civiles.

1.. En su *affidavit* de méritos el abogado de la tercerista expuso a la corte de distrito que por varias circunstancias que detalladamente se expresan no se enteró de la inclusión del pleito en el calendario, y que habiendo sabido del señalamiento, fué a la corte, el 25 de abril de 1917, y celebró una entrevista con el abogado de la parte contraria obteniendo su conformidad para la suspensión del juicio, que se retiró confiado y no compareció al día siguiente, enterándose luego de lo ocurrido. El abogado de la parte contraria presentó su propio *affidavit,* negando que hubiese prestado tal conformidad, y los *affidavits,* de otras personas en corroboración de sus manifestaciones.

Aún cuando opinamos que puede deducirse de la misma solicitud de la tercerista que su abogado no fué todo lo diligente que debió haber sido, esto no obstante, creemos que no se ha demostrado claramente que la corte de distrito abusara de su poder discrecional al actuar en la forma en que lo hizo y por tanto que no se ha cometido el primero de los errores señalados. Véase el caso de *Gutiérrez et al.* v. *Foix et al,* 23 D. P. R. 73, y los en él citados.

2. Sostiene la parte apelante que lo dispuesto en la sección 3 de la ley reglamentando las apelaciones de las sentencias de las cortes municipales es imperativo y por tanto no puede aplicarse el artículo 140 del Código de Enjuiciamiento Civil. Estamos conformes en que el precepto es imperativo, pero no en que ello impida el ejercicio de las facultades conferidas al juez por el artículo 140. Establecida y perfeccio-

nada la apelación de una sentencia de una corte municipal, la corte de distrito adquiere plena jurisdicción sobre el caso. Y así como no se vacilaría en aplicar el artículo 140 para dejar sin efecto, en bien de la justicia, una sentencia anotada por el secretario a virtud del precepto imperativo del número 1 del artículo 194 del Código de Enjuiciamiento Civil, no debe vacilarse tampoco en aplicarlo para dejar sin efecto una sentencia dictada por abandono de la acción, en cumplimiento de lo prescrito en la sección 3 de las tantas veces citada ley reglamentando apelaciones, cuando la corte se convence de que el abandono en verdad fué aparente y no real,

Debe declararse sin lugar el recurso y confirmarse la resolución apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino.